# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LENAI BUTTERFIELD, | |
| Plaintiff, | |
| v. | Civil Action #: _____ |
| ERNST & YOUNG U.S. LLP, | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Lenai Butterfield (hereinafter, "Plaintiff Butterfield") brings this Complaint against Defendant Ernst & Young LLP (hereinafter, "Defendant EY"), states as follows:

### I.  INTRODUCTION

1. This is an action seeking legal and equitable relief for retaliation under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"), 42 U.S.C. §§2000e, *et. seq.*

### II.  PARTIES

2. Plaintiff Butterfield is a natural person, and a citizen of the United States.

3. Defendant EY is a foreign limited liability partnership headquartered

in the State of New York, and maintains a place of business in Atlanta, Georgia.

### III.   JURISDICTION AND VENUE

4. This Court possesses subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about October 28, 2016, Plaintiff Butterfield filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein.

7. On or about October 29, 2019, the EEOC issued a Dismissal and Notice of Rights (hereafter, the "Right-to-Sue Notice"). Attached hereto, incorporated herein, and marked as "Exhibit A" is a true and accurate copy of this notice.

8. The EEOC failed to mail the Right-to-Sue Notice to the correct address belonging to Plaintiff Butterfield.

9. Plaintiff Butterfield received the Right-to-Sue Notice on December 19, 2019 when an EEOC investigator emailed the Right-to-Sue

Notice to Plaintiff Butterfield. A true and accurate copy of the email containing the Right-to-Sue Notice is attached as "Exhibit B."

10. Plaintiff is filing this action within ninety (90) days from her receipt of the Right-to-Sue Notice.

## V.   STATEMENT OF FACTS

### A. Background Factual Matters

11. Defendant EY is an entity engaged in an industry affecting commerce.

12. At all times material hereto, and for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, Defendant EY employed more than fifteen (15) employees.

13. At all times material hereto, Defendant EY acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant EY and in furtherance of Defendant EY's business.

14. At all times material hereto, Defendant EY was an employer within the meaning of Title VII.

15. At all times material hereto, Plaintiff Butterfield was an employee of Defendant within the meaning of Title VII

3

## B. Facts Concerning Plaintiff Butterfield's Employment with Defendant EY

16. On or about January 3, 2017, Plaintiff Butterfield began working for Defendant EY in as an Associate Director for Defendant EY's Compliance-Fair Employment Practices division.

17. In her capacity as Associate Director, Plaintiff Butterfield was responsible for overseeing compliance and regulatory matters concerning Defendant EY's EEO and diversity programs.

18. In early 2018, Plaintiff Butterfield was assigned to work on an Office of Federal Contract Compliance Programs (hereinafter, "OFCCP") audit of Defendant EY's New York location.

19. As a result of her role working on the OFCCP audit, Plaintiff Butterfield became aware of instances of systemic pay discrepancies at Defendant EY that disadvantaged women and minority employees.

20. In conjunction with her role with the company, Plaintiff Butterfield addressed the pay discrepancy failures with her fellow employees and supervisors, and began pressing that such pay discrepancy failures be urgently corrected.

21. Upon Plaintiff Butterfield's continued insistence that Defendant EY's pay discrepancy failures be corrected, Plaintiff Butterfield's direct

4

supervisor (Patricia Yoder) began issuing Plaintiff Butterfield negative performance reviews.

22. On or May 22, 2018, Plaintiff Butterfield contacted Defendant EY's ethics hotline to complain that Yoder was retaliating against Plaintiff Butterfield due to Plaintiff Butterfield's involvement in the federal audit.

23. On or about May 24, 2018, Plaintiff Butterfield met with Defendant EY's outside counsel, Guy Brenner, to outline and complain about the retaliation she suffered due to her involvement in the federal audit identifying pay discrepancies and her continued insistence that said pay discrepancies be rectified.

24. On or about June 5, 2018, Plaintiff Butterfield again met with Defendant EY's outside counsel, Guy Brenner, to outline and complain about the retaliation she suffered due to her involvement in the federal audit identifying pay discrepancies and her continued insistence that said pay discrepancies be rectified.

25. On or about October 8, 2018, Plaintiff Butterfield sent a letter to EY's Deputy and Ethics & Compliance Officer for the Americas, Robb Canning.  In her letter to Canning, Plaintiff Butterfield stated that she was the subject of retaliation and poor performance reviews

from another direct supervisor, Rebecca Osowski, due to her previous internal complaints with the company.

26. On or about November 8, 2018, Plaintiff Butterfield telephonically spoke with Canning and Nechelle Kopernacki (a Talent Consultant for Defendant EY) concerning her October 8th letter reiterating her assertion that she was the target of adverse employment actions due to her role in pushing for pay discrepancies be rectified at Defendant EY.

27. On or about November 19, 2018, Defendant EY placed Plaintiff Butterfield on a performance improvement plan.

28. On or about March 1, 2019, Plaintiff Butterfield telephonically discussed her concerns regarding Defendant EY's retaliation with an attorney at EY's General Counsel's Office, Karen Rosenfield.

29. In April of 2019, Defendant EY decided to terminate Plaintiff Butterfield's employment.

30. On or about May 3, 2019, Defendant EY sent Plaintiff Butterfield a letter notifying Plaintiff Butterfield of her termination.

## VI. CAUSES OF ACTION

### Count I—Retaliation (Title VII)

31. Plaintiff Butterfield incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

32. U.S.C. § 2000e-3(a) makes it unlawful for an employer "to discriminate against any of his employees . . . because [the employee] has opposed any [unlawful employment] practice."

33. Plaintiff Butterfield complained of, and sought to rectify, pay discrimination on the basis of race and sex within Defendant EY's company.

34. Plaintiff Butterfield was engaged in statutorily protected activity under Title VII.

35. Plaintiff Butterfield suffered an adverse employment action.

36. A causal link exists between the protected activity and the adverse employment action

37. Defendant EY's conduct constitutes retaliation under Title VII.

38. As a direct and proximate cause of Defendant EY's violation of Title VII, Plaintiff Butterfield has suffered injuries, damages, and losses.

39. Plaintiff Butterfield is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Butterfield seeks damages and legal equitable relief in connection with Defendant EY's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff Butterfield by:

1) declaring the acts and practices complained of herein to be a violation of Title VII;

2) enjoining and restraining permanently the violations alleged herein;

3) awarding Plaintiff Butterfield back-pay;

4) awarding Plaintiff Butterfield front-pay;

5) awarding interest;

6) awarding punitive damages;

7) awarding Plaintiff Butterfield the statutory cap damages of $300,000.00

8) awarding Plaintiff Butterfield costs of this action, together with reasonable attorneys' fees;

9) awarding compensatory damages to Plaintiff Butterfield;

10) awarding such other damages as are appropriate under Title VII; and

11) granting such other and further relief as this Court deems appropriate.

*Submitted: March 18, 2020*

_____
Will Martinez, Esq. (GA Bar #: 162009)
Martinez Law Firm, LLC
3365 Piedmont Road NE, Suite 1400
Atlanta, Georgia 30305
(470) 869-3293
*Attorney for Plaintiff Lenai Butterfield*

# EXHIBIT A

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Lenai Butterfield<br>208 E 51st St. # 183<br>New York, NY 10022 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-02189 | Debra L. Richards,<br>Investigator | (929) 506-5307 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Kevin J. Berry]*                                    10/29/19

**Kevin J. Berry,**
**District Director**                                          *(Date Mailed)*

Enclosures(s)

cc:  **Karen Rosenfield**
**Senior Counsel/General Counsel's Office**
**ERNST & YOUNG, LLP**
**5 Times Square**
**New York, NY 10036**

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc:

# EXHIBIT B

**Lenai Butterfield** <lenai.butterfield@gmail.com>　　　　　　　　　　　　　　　　　　　　　Thu, Dec 19, 2019 at 2:17 PM
To: Will Martinez <wdmartinez@martlegal.com>

Please See below and attached

---------- Forwarded message ---------
From: **DEBRA RICHARDS** <DEBRA.RICHARDS@eeoc.gov>
Date: Thu, Dec 19, 2019 at 12:25 PM
Subject: NRTS, PS and Facts about Filing
To: Lenai Butterfield <lenai.butterfield@gmail.com>

Hi Ms. Butterfield,

Please see attached.

**Debra L. Richards**

Federal Investigator, U.S. Equal Employment Opportunity Commission

New York District Office

33 Whitehall Street, Floor 5

New York, NY 10004

Tel: (929) 506-5307

debra.richards@eeoc.gov

--
Lenai Butterfield
lenai.butterfield@gmail.com

**3 attachments**

 **ButterfieldNRTS.doc**
154K

 **Butterfield_EY_s Position Statement with Exhibits 08.05.19.pdf**
10596K

**FACTS ABOUT FILING NOV2011.doc**
44K